FILED

May 01, 2024

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
By:_____DT_____
Deputy

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | **Case No: EP:24-CR-00941-DB** |
| | § | |
| | § | **SEALED** |
| | § | **INDICTMENT** |
| | § | |
| **Plaintiff,** | § | **CT 1:** 18 U.S.C. § 932(b)(2) – Conspiracy |
| | § | to Straw Purchase Firearms; |
| **v.** | § | |
| | § | **CT 2:** 18 U.S.C. § 933(a)(1), 933(a)(3) – |
| | § | Conspiracy to Traffic Firearms; |
| | § | |
| | § | **CT 3:** 18 U.S.C. §§ 371, 554 – Conspiracy |
| | § | to Smuggle Goods from the United States |
| | § | |
| **(2) AXEL DAVID MORALES,** | § | **CTS 4-7:** 18 U.S.C. § 922(a)(6), 924(a)(2) |
| | § | False statement during firearms acquisition. |
| | § | |
| **Defendants.** | § | ***Notice of Government's Demand for*** |
| | § | ***Forfeiture*** |

## INTRODUCTION

At all relevant times during this Indictment:

1. The Federal Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) is an agency of the United States government tasked with the responsibility of supervising, controlling, and licensing the sale of firearms.

2. Title 18, United States Code, Section 923(g)(1)(A) required all Federal Firearms Licensees to keep accurate records of importation, production, shipment, receipt sale or other disposition of firearms at the place of business. One of the records Federal Firearms Licensees (FFLs) are required to keep is the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) Firearm Transaction Record (Form 4473). The ATF Form 4473 requires the Buyer of the firearm to fill out Section B, which requires the Buyer's full name, address, date of birth, and other identifying information. Additionally, Question 21a on the Form 4473 asks whether the person completing the form is the "actual transferee/buyer of the firearm(s) listed on the form." The question also includes a warning that if "[y]ou are not the actual transferee/buyer if you are acquiring the firearm(s) on behalf of another person. If you are not the actual transferee/buyer, the licensee cannot transfer the firearm(s) to you."

3. Additionally, the purchaser's certification, documented with a signature in block "22." of the Form 4473, explicitly states that making any false oral or written statement, or exhibiting any

false or misrepresented identification with respect to this transaction is a crime punishable as a felony under Federal Law.

4. The Commerce Control List ("CCL"), located at Title 15, Code of Federal Regulations, Section 774, details commodities, software, and technology subject to control by the United States Department of Commerce, Bureau of Industry and Security pursuant to the Export Control Reform Act, Title 50, United States Code, Chapter 58.

5. The CCL is part of the Export Administration Regulations ("EAR"), located at Title 15, Code of Federal Regulations, Section 730 et seq.

6. Firearms are designated as controlled items in Section 774, Appendix Supplement Number 1 of the CCL.

7. Ammunition is designated as controlled item in Section 774, Appendix Supplement Number 1 of the CCL.

8. According to Title 15, Code of Federal Regulations, Section 736.2, a person may not export an item subject to the EAR to another country if exporting that item to that country requires a license.

9. Exportation of firearms and ammunition to Mexico requires a license.

10. Defendants Bryan Adan Gutierrez-Salamanca and Axel David Morales did not have a license or any authority to export firearms or ammunition out of the United States to Mexico.

THE GRAND JURY CHARGES:

## COUNT ONE
(18 U.S.C. § 932(b)(2))

The Grand Jury re-alleges and incorporates by reference the Introduction as if fully set out herein.

Beginning on or about June 25, 2022, and continuing through and including on or about December 8, 2022, in the Western District of Texas, and elsewhere, the Defendants,

## (2) AXEL DAVID MORALES

and others known and unknown to the grand jury, knowingly and willfully did combine, conspire, confederate and agree with each other and with others known and unknown to the Grand Jury, to

commit offenses against the United States, that is, knowingly purchase or conspire to purchase firearms, in or otherwise affecting interstate or foreign commerce for, on behalf of, or at the request or demand of any another person, knowing or having reasonable cause to believe that such other person intended to use, carry, possess or sell or otherwise dispose of the firearms in furtherance of a felony, to wit: smuggling the firearms to the Mexico, in violation of violation of Title 18, United States Code, Section 554, all in violation of Title 18, Untied States Code, Section 932(b)(2).

## COUNT TWO
(18 U.S.C § 933(a)(1), 933(a)(3))

The Grand Jury re-alleges and incorporates by reference the Introduction as if fully set out herein.

Beginning on or about June 25, 2022, and continuing through and including on or about December 8, 2022, in the Western District of Texas, and elsewhere, the Defendants,

### (2) AXEL DAVID MORALES

and others known and unknown to the grand jury, knowingly and willfully did combine, conspire, confederate and agree with each other and with others known and unknown to the Grand Jury, to commit the following offenses against the United States, that is, to willfully and knowingly ship, transport, cause to be transported, or otherwise dispose of firearms to another person, or receive firearms in or otherwise affecting interstate or foreign commerce, knowing or having reasonable cause to believe that the use, carrying, possession, or receipt of the firearms by the recipients would constitute a felony, to wit: smuggling the firearms from the United States, in violation of violation of Title 18, United States Code, Section 554, all in violation of Title 18, United States Code, Sections 933(a)(1) and 933(a)(3).

## COUNT THREE
(18 U.S.C. §§ 371, 554)

The Grand Jury re-alleges and incorporates by reference the Introduction as if fully set out herein.

Beginning on or about March 31, 2022, and continuing through and including on or about December 8, 2022, in the Western District of Texas, and elsewhere, the Defendants,

### (2) AXEL DAVID MORALES

and others known and unknown to the grand jury, knowingly and willfully did combine, conspire, confederate and agree with each other and with others known and unknown to the Grand Jury, to commit the following offenses against the United States, that is, knowingly and unlawfully exported and attempted to export from the United States into Mexico, any merchandise, article and object, contrary to any law or regulation of the United States, to wit: firearms, in violation of Title 18, United States Code 554.

### MANNER AND MEANS

The manner and means by which the Defendants,

and **(2) AXEL DAVID MORALES,** sought to accomplish the objectives of the conspiracy included, among other things, the following:

a. The Defendants purchased approximately 34 firearms in the United States knowingly they would be smuggled from the United States to Mexico;

b. The firearms would be purchased by the Defendants with United States currency provided by co-conspirators; and

c.  The firearms would be concealed by the Defendants and co-conspirators prior to crossing the border from the United States into Mexico in order to prevent detection.

## OVERT ACTS

In furtherance of the conspiracy alleged in Count Three, and to affect the objects thereof, at least one of the co-conspirators herein committed one or more of the following overt acts, among others, in the Western District of Texas, and elsewhere:

1.  On or about December 3, 2022, Defendant                sent Defendant **(2) AXEL DAVID MORALES**, via Whatsapp messages, a list of firearms for Defendant **(2) AXEL DAVID MORALES** to purchase with the understanding and purpose that the firearms were to be exported to Mexico.

2.  On or about December 3, 2022, Defendant                instructed Defendant **(2) AXEL DAVID MORALES** via Whatsapp messages to conceal recently purchased firearms and firearms boxes outside the residence of a co-conspirator.

3.  On or about December 4, 2022, Defendants                and **(2) AXEL DAVID MORALES** discuss, via Whatsapp messages, the purchase of more firearms with the understanding and purpose that the firearms were to be exported to Mexico.

4.  On or about December 8, 2022, Defendant                and Defendant **(2) AXEL DAVID MORALES** entered the United States from Mexico and drove to a Federal Firearm Licensee in El Paso, Texas to complete a firearm purchase with the understanding and purpose that the firearm purchased was to be exported to Mexico.

5.  On or about December 8, 2022, Defendant                purchased two (2) Smith & Wesson, Model M&P9 M2.0, 9mm pistols and one (1) Glock, Model 45, 9mm pistol from a Federal Firearm Licensee in El Paso, Texas with the understanding and purpose that the firearms were to be exported to Mexico.

6.  On or about December 8, 2022, Defendant                purchased one (1) Beretta, Model 92, 9mm pistol and one (1) Century Arms, Model Draco, 7.62X39mm pistol from a Federal Firearm Licensee in El Paso, Texas with the understanding and purpose that the firearms were to be exported to Mexico.

7. On or about December 8, 2022, Defendant **(2) AXEL DAVID MORALES** purchased a KEL-TEC, Model Sub 2000, 9mm rifle, from a Federal Firearm Licensee in El Paso, Texas with the understanding and purpose that the firearm was to be exported to Mexico.

8. On or about December 8, 2022, Defendant **(2) AXEL DAVID MORALES** purchased one (1) HS Produkt, Model XDM Elite, 9mm pistol and one (1) Beretta, Model 92X, 9mm pistol from a Federal Firearm Licensee in El Paso, Texas with the understanding and purpose that the firearms were to be exported to Mexico.

## COUNT FOUR
(18 U.S.C. §§ 922(a)(6), 924(a)(2))

The Grand Jury re-alleges and incorporates by reference the Introduction as if fully set out herein.

On or about December 8, 2022, in the Western District of Texas, the Defendant,

**(2) AXEL DAVID MORALES,**

in connection with the acquisition of firearms, to wit: one (1) HS Produkt, Model XDM Elite, 9mm pistol and one (1) Beretta, Model 92X, 9mm pistol, from FFL #1, a licensed firearms dealer within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious written statement intended and likely to deceive said dealer as to a fact material to the lawfulness of the acquisition and sale of said firearms to the Defendant, under Chapter 44 of Title 18, in that the Defendant, stated and represented on a Bureau of Alcohol, Tobacco and Firearms Form 4473 the answer "yes" in response to the question, "Are you the actual transferee/buyer of the firearm(s) listed on this form?" when in fact the Defendant knew he was in fact not the actual buyer of the firearms listed on the form, as he was purchasing the firearms for another person, and not for himself, in violation of Title 18, United States Code, Sections 922(a)(6) & 924(a)(2).

## COUNT FIVE

(18 U.S.C. §§ 922(a)(6), 924(a)(2))

The Grand Jury re-alleges and incorporates by reference the Introduction as if fully set out herein.

On or about December 8, 2022, in the Western District of Texas, the Defendant,

**(2) AXEL DAVID MORALES,**

in connection with the acquisition of firearms, to wit: a KEL-TEC, model Sub 2000, 9mm pistol, from FFL #2, a licensed firearms dealer within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious written statement intended and likely to deceive said dealer as to a fact material to the lawfulness of the acquisition and sale of said firearm to the Defendant under Chapter 44 of Title 18, in that the Defendant stated and represented on a Bureau of Alcohol, Tobacco and Firearms Form 4473 the answer "yes" in response to the question, "Are you the actual transferee/buyer of the firearm(s) listed on this form?" when in fact the Defendant, knew he was in fact not the actual buyer of the firearm listed on the form, as he was purchasing the firearm for another person, and not for himself, in violation of Title 18, United States Code, Sections 922(a)(6) & 924(a)(2).

## COUNT SIX
(18 U.S.C. §§ 922(a)(6), 924(a)(2))

The Grand Jury re-alleges and incorporates by reference the Introduction as if fully set out herein.

On or about December 8, 2022, in the Western District of Texas, the Defendant,

in connection with the acquisition of firearms, to wit: two (2) Smith & Wesson, Model M&P 9 M2.0, 9mm pistols and one (1) Glock, Model 45, 9mm pistol, from FFL#1, a licensed firearms dealer within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false

and fictitious written statement intended and likely to deceive said dealer as to a fact material to the lawfulness of the acquisition and sale of said firearms to the Defendant under Chapter 44 of Title 18, in that the Defendant stated and represented on a Bureau of Alcohol, Tobacco and Firearms Form 4473 the answer "yes" in response to the question, "Are you the actual transferee/buyer of the firearm(s) listed on this form?" when in fact the Defendant knew he was in fact not the actual buyer of the firearms listed on the form, as he was purchasing the firearms for another person, and not for himself, in violation of Title 18, United States Code, Sections 922(a)(6) & 924(a)(2).

## COUNT SEVEN

### (18 U.S.C. §§ 922(a)(6), 924(a)(2))

The Grand Jury re-alleges and incorporates by reference the Introduction as if fully set out herein.

On or about December 8, 2022, in the Western District of Texas, the Defendant,

in connection with the acquisition of firearms, to wit: one (1) Beretta, Model 92, 9mm pistol, and one (1) Century Arms, Model Draco, 7.62X39mm pistol, from FFL #2, a licensed firearms dealer within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious written statement intended and likely to deceive said dealer as to a fact material to the lawfulness of the acquisition and sale of said firearms to the Defendant under Chapter 44 of Title 18, in that the Defendant stated and represented on a Bureau of Alcohol, Tobacco and Firearms Form 4473 the answer "yes" in response to the question, "Are you the actual transferee/buyer of the firearm(s) listed on this form?" when in fact the Defendant, knew he was in fact not the actual buyer of the firearms listed on the form, as he was purchasing the firearms for another person, and

not for himself, in violation of Title 18, United States Code, Sections 922(a)(6) & 924(a)(2).

## NOTICE OF GOVERNMENT'S DEMAND FOR FORFEITURE
### [*See* Fed. R. Crim. P. 32.2.]

### I.
### Firearms Trafficking Violations and Forfeiture Statutes
### [Title 18 U.S.C. §§ 932(b)(2), 933(a)(1) and (a)(3), subject to forfeiture pursuant to Title 18 U.S.C § 934(a)(1)(A) and (B)]

As a result of the foregoing criminal violations set forth in Counts One and Two, the United

States of America gives notice to Defendants

and **(2)AXEL DAVID MORALES** of its intent to seek the forfeiture of the property described

below upon conviction and pursuant to Fed. R. Crim. P. 32.2, Title 18 U.S.C. § 934(a)(1)(A) and

(B), which state:

> **Title 18 U.S.C. § 934. - Forfeiture and Fines**
> **(a) Forfeiture.**
>   (1) In General.— Any person convicted of a violation of section 932 or 933 shall forfeit to the United States, irrespective of any provision of State law—
>     (A)  any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation; and
>     (B)  any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation, except that for any forfeiture of any firearm or ammunition pursuant to this section, section 924(d) shall apply.

### II.
### Violations involving Goods Smuggled to/from the United States and Forfeiture Statutes
### [Title 18 U.S.C. §§ 371 and 554, subject to forfeiture pursuant to Title 18 U.S.C. § 981(a)(1)(C) and Title 19 U.S.C. § 1595a(d), as made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c)]

As a result of the foregoing criminal violations set forth in Count Three, the United States

of America gives notice to Defendants                                              and

**(2)AXEL DAVID MORALES** of its intent to seek the forfeiture of the property described below

upon conviction and pursuant to Fed. R. Crim. P. 32.2, Title 18 U.S.C. § 981(a)(1)(C) and Title

19 U.S.C. § 1595a(d), as made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c), which

state:

**Title 18 U.S.C. § 981. Civil Forfeiture**
(a)(1) The following property is subject to forfeiture to the United States:
***
(C) Any property, real or personal, which constitutes or is derived from proceeds
traceable to a violation. . . of this title or any offense constituting "specified unlawful
activity" (as defined in section 1 956(c)(7) of this title), or a conspiracy to commit such
offense.

**Title 19 U.S.C. § 1595a. Forfeiture and other penalties**
* **
**(d) Merchandise exported contrary to law**
Merchandise exported or sent from the United States or attempted to be exported or sent
from the United States contrary to law, or the proceeds or value thereof, and property
used to facilitate the exporting or sending of such merchandise, the attempted exporting
or sending of such merchandise, or the receipt, purchase, transportation, concealment,
or sale of such merchandise prior to exportation shall be seized and forfeited to the
United States.

## III.
## False Statement During a Firearm Acquisition Violation and Forfeiture Statutes
**[Title 18 U.S.C. §§ 922(a)(6) and 924(a)(2), subject to forfeiture pursuant to Title 18 U.S.C.
§ 924(d)(1), as made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c)]**

As a result of the foregoing criminal violations set forth in Counts Four through Seven, the

United States of America gives notice to Defendants

and **(2)AXEL DAVID MORALES** of its intent to seek the forfeiture of the

property described below upon conviction and pursuant to FED. R. CRIM. P. 32.2 and Title 18

U.S.C. § 924(d)(1), as made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c). Section

924 states, in pertinent part, the following:

**Title 18 U.S.C. § 924.**
* * *
**(d)(1)** Any firearm or ammunition involved in or used in any knowing violation of
subsection (a)(4), (a)(6), (f), (g), (h), (i), (j), or (k) of section 922, or knowing
importation or bringing into the United States or any possession thereof any firearm or
ammunition in violation of section 922(l), or knowing violation of section 924, shall be
subject to seizure and forfeiture under the provisions of this chapter. . .

## IV.
## Money Judgment

A sum of money that represents the amount of proceeds obtained, directly or indirectly, property involved in such offense, or traceable to such property as a result of the violations set forth in Count Three which Defendants                                                              and **(2)AXEL DAVID MORALES** are individually liable.

## Substitute Assets

If any of the above-described forfeitable property, as a result of any act or omission of the

Defendants:

a.   cannot be located upon the exercise of due diligence;
b.   has been transferred or sold to, or deposited with, a third person;
c.   has been placed beyond the jurisdiction of the Court;
d.   has been substantially diminished in value; or
e.   has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States to seek forfeiture, pursuant to Title 21 U.S.C. § 853(p), as

incorporated by Title 28 U.S.C. § 2461(c), of any other property of said Defendants up to the value

of the forfeitable property.

A TRUE BILL.

FOREPERSON OF THE GRAND JURY

JAIME ESPARZA
UNITED STATES ATTORNEY

BY: _____
Assistant United States Attorney